**IN THE UNITED STATES COURT**
**OF FEDERAL CLAIMS**

| | |
|---|---|
| UNITED AFFILIATES CORP. and MINGO LOGAN COAL LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> *Defendant*. | No. 1:17-cv-00067 <br> Hon. Edward H. Meyers <br> **Electronically Filed on March 26, 2026** |

**PLAINTIFFS UNITED AFFILIATES CORP AND MINGO LOGAN COAL LLC'S MOTION FOR A TEMPORARY ADMINISTRATIVE STAY OF SUMMARY JUDGMENT MOTIONS PENDING FURTHER ORDER OF THE COURT**

Pursuant to the inherent authority of the United States Court of Federal Claims, Plaintiff United Affiliates Corporation ("United") and Plaintiff Mingo Logan Coal LLC ("Mingo Logan") hereby move this Court to stay any and all summary judgment filings in this case pending a further order of the Court that arises out of the April 21, 2026 status conference in this case. Such an order is appropriate and necessary for the orderly and efficient litigation of the merits of the issues presented here. It will conserve the Parties' and the Court's resources and avoid the imposition of undue burdens that would result from the filing of any motion that implicates expert issues since expert discovery has not commenced, and presumptively, one or more parties is likely to argue, on that basis alone, such a summary judgment motion is premature. Requiring Plaintiffs to substantively respond and prematurely preview the ultimate facts or opinions held by their retained experts is not only illogical but also prejudicial – since it effectively requires Plaintiffs to disclose draft expert opinions in advance of the expert disclosure deadline without any corresponding and reciprocal obligation being imposed on the United States.

## I.  BACKGROUND

This matter concerns actions taken by the United States Environmental Protection Agency in 2011 and their impacts on Plaintiffs' property interests.  Since the commencement of this matter on January 13, 2017, the parties have exchanged tens of thousands of documents and taken more than 15 depositions.  Fact discovery is set to end on March 31, 2026.  Dkt. No. 183.

The Parties are scheduled to meet with the Court for a post-fact discovery conference on April 21, 2026.  Dkt. No. 183.  Plaintiffs understood that the purpose of this conference was to discuss the appropriateness of summary judgment prior to expert discovery and to discuss a schedule for briefing any such summary judgment motions.  Plaintiffs' understanding is consistent with RCFC 16(c)(2)(E) and the Court of Federal Claims Case Management Procedures.  *See* RCFC, Appendix A at VI.11. (noting that at a post-discovery conference following completion of all discovery the parties, among other things, are expected to "address the factual and legal issues in dispute," including iii) "the best means of resolving the dispute, i.e., whether by summary judgment, trial, or an alternative method of dispute resolution"); Rule 16(c)(2)(E) (noting the Court may consider and take appropriate action on determining the appropriateness and timing of summary adjudication under RCFC 56).

On March 13, 2026, Defendant United States of America ("United States" or "Defendant") notified Plaintiffs that it intended to file a motion for summary judgment in advance of the April 21, 2026 status conference.  While Plaintiffs have long expressed, through numerous reservations of rights, skepticism that summary judgment would be appropriate prior to the conclusion of expert discovery, *see* Dkt. Nos. 171, 178, 183, the United States did not seek to confer with Plaintiffs before concluding that it would file for summary judgment in advance of the April 21, 2026 status conference.  Nor did the United States propose extending the expert discovery deadline.  Instead, the United States only sought Plaintiffs' position on a motion for additional pages.  After

exchanging e-mails setting the Parties positions, *see* Ex. A, the Parties met and conferred, but could not resolve their dispute over the purpose of the status conference. The United States filed a motion for leave to exceed the page limitations for its anticipated summary judgment motion on March 20, 2026[1] and requested "expedited consideration."[2] Dkt. No. 186. Plaintiffs are not conceptually opposed to the United States' request for additional pages provided, of course, the United States consents to a similar adjustment to the page length in any eventual summary judgment briefing by the Plaintiffs. However, Plaintiffs strongly disagree that certain issues are currently ripe for summary adjudication and believe that such issues, including the appropriate scope and briefing schedule, should be addressed at the scheduled conference.

It is Plaintiffs' position that at the status conference, the Parties should discuss with the Court issues that the Parties contemplate moving for summary judgement on, the likely necessity of those motions needing to be supported or opposed by one or more experts, and on what issues, and the schedule for doing so to allow the Court to determine whether any such motion is appropriate at this time, thus properly tailoring the scope of summary judgment, promoting judicial economy, and avoiding serial summary judgment filings over the same or narrowly related issues in the future. For any issues where the Parties disagree, the Parties could each set forth their position in writing for the Court's consideration after the status conference.

Thus, for these reasons, as explained more fully below, a temporary administrative stay of any filing of summary judgment motions until the conference in this case on April 21, 2026, and

---

[1] Plaintiffs will file a response to Defendant's Motion for Leave within the time period permitted by RCFC Rule 7.2.

[2] Defendant United States' "expedited consideration" request for additional pages to file a summary judgment motion in advance of the status conference fails to demonstrate any compelling need for such consideration; instead, in communications with Plaintiffs, defense counsel candidly conveyed that it simply was a strategic choice.

any further order of this Court, is appropriate and warranted in this case. Such a stay preserves the status quo and best promotes the orderly and efficient disposition of this case.

## II.    <u>LEGAL STANDARD</u>

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Groves v. McDonough*, 34 F.4th 1074, 1079 (Fed. Cir. 2022). In determining whether to grant a motion to stay, "a court must exercise its judgment by considering the most orderly course of justice and the interests of the parties, weighing any competing interests." *UnionBanCal Corp. v. United States*, 93 Fed. Cl. 166, 167 (2010) (citing *Landis*, 299 U.S. at 255). "Stays are particularly appropriate where they promote judicial economy, avoidance of confusion and possible inconsistent results." *Extreme Coatings v. United States*, No. 11-895C, 2012 WL 4747248, at *4 (Fed. Cl. Oct. 3, 2012) (citations omitted). Moreover, "[t]he orderly course of justice and judicial economy is served when granting a stay simplifies the 'issues, proof, and questions of law which could be expected to result from a stay.'" *UnionBanCal*, 93 Fed. Cl. at 167 (citing *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## III.    <u>ARGUMENT</u>

A preemptive summary judgment filing by the United States would further complicate the already-complicated set of factual and legal issues associated with this case, to the detriment of both judicial and party economy. Such a filing would constitute an undue burden on Plaintiffs and prejudice Plaintiffs by forcing them to both begin responding to a brief covering issues that the Parties and the Court may agree, after the conference, are not appropriate for pre-expert summary judgment and simultaneously forcing Plaintiffs to provide detail on their expert strategies long before the expert disclosure deadline. A temporary administrative stay would prevent unnecessary

complication of legal issues, promote judicial and party economy, and prevent prejudice to Plaintiffs.

### A. A TEMPORARY STAY AVOIDS COMPLICATING THE ISSUES AND PROMOTES ECONOMY OF TIME AND EFFORT FOR THE PARTIES AND THE COURT.

Plaintiffs seek only a *temporary* administrative stay of any summary judgment filings to avoid being forced to incur significant cost and effort to reply to a summary judgment motion (potentially up to 75 pages in length) largely concerning issues that are likely subject to expert discovery.

### 1. A TEMPORARY ADMINISTRATIVE STAY PREVENTS A PREEMPTIVE SUMMARY JUDGMENT MOTION THAT COULD ONLY SERVE TO COMPLICATE LEGAL ISSUES AT THE APRIL 21 STATUS CONFERENCE.

Any summary judgment motion filed by the United States prior to the April 21 status conference (in addition to putting Plaintiffs "on the clock") is likely to include issues that are not appropriate for summary judgment at this stage. The Federal Circuit and this Court have recognized that summary judgment in "takings" cases can be inappropriate. *Yuba Goldfields, Inc. v. United States*, 723 F.2d 884, 887 (Fed. Cir. 1983) (noting that "fact-intensive nature of just compensation jurisprudence … argues against precipitous grants of summary judgment"); *Lemon Bay Cove v. United States*, 147 Fed. Cl. 528, 534 (2020) (citing *Res. Invs., Inc. v. United States*, 85 Fed. Cl. 447, 466 (2009)) ("When a taking by government regulation is alleged, 'a court must typically conduct a complex factual assessment to determine whether compensation is owed to the property holder.' … Thus, due to the 'fact-intensive' nature of takings claims, courts are typically reluctant to decide such claims at the summary judgment stage, preferring to wait for a trial to fully develop the factual record."). This is especially true before expert discovery has been completed, as expert testimony is often required in takings cases. *See Store Safe Redlands Assoc. v. United*

*States*, 35 Fed. Cl. 726, 736-37 (1996) (denying summary judgment motion due to fact-intensive questions and requiring expert testimony on Plaintiff's property rights); *Anaheim Gardens v. United States*, 178 Fed. Cl. 155, 186 (2025) (noting the importance of expert testimony in resolving alleged economic impact).

While summary judgment may very well be appropriate in this case, it is only after expert discovery that most, if not all, of the complicated technical and legal issues that must be decided in this matter can properly and fully be brought before this Court. A briefed summary judgment motion on the record at the time of the status conference will obfuscate the issues of the case (and whether expert discovery is necessary to resolve them) by unfairly permitting the United States to present a full argument to the Court on its unilaterally chosen issues at the status conference (which the United States has not conferred with Plaintiffs on), while limiting Plaintiffs to only reactionary arguments with minimal time for development. Moreover, it risks the case effectively becoming bifurcated (i.e., potentially separating the same issues into fact discovery and expert discovery tracts), which inherently consumes judicial resources. *See Floral Art v. United States*, No. 20-688L, 2021 WL 3783384, at *1 (Fed. Cl. Aug. 26, 2021) (temporarily staying takings case and declining to set a premature summary judgment briefing schedule to avoid bifurcating case when facts remain in flux). A temporary administrative stay would remedy these harms and support the orderly and efficient litigation of the issues in this case.

2. <u>**A TEMPORARY ADMINISTRATIVE STAY WOULD PREVENT THE EXPENDITURE OF UNNECESSARY TIME AND EFFORT**</u>

In addition to preventing the United States from prematurely complicating the issues, a stay would prevent Plaintiffs from having to defend or file (and *obligating the Court to consider*) potentially serial summary judgment motions over those issues that are better resolved via one post-expert discovery summary judgment motion (or at trial). *Cf. Braswell v. United States*, 155

Fed. Cl. 148, 150 (2021) (avoiding duplication of issues serves the cause of judicial economy and conserves litigants' resources). A summary judgment motion prior to a status conference meant specifically to discuss the scope and appropriateness of such a motion will put Plaintiffs "on the clock," requiring preparation of a response to potentially premature arguments. Even if the response deadline were tolled until the conference, Plaintiffs would still be obligated to begin preparing a response to the motion that it can conceptually discuss at the conference scheduled for a week after the United States plans to file its motion. All of the time and expense associated with these efforts could be rendered wasted given the likely need for expert testimony on the issues the United States is likely to move on.

These are easily-remedied issues, as they are entirely avoidable by preventing the filing of any motion for summary judgment until after the Parties and the Court have an opportunity to discuss the issues to be covered in such motions and the schedule for filing them.

**B.      A TEMPORARY ADMINISTRATIVE STAY OF PROCEEDINGS WOULD NOT PREJUDICE ANY PARTY.**

The stay sought by Plaintiffs would not prejudice any Party, but would prevent Plaintiffs from being prejudiced. In addition to being forced to incur time and expense to prepare a response to the United States's preemptive motion, Plaintiffs may be obligated to prematurely reveal their expert strategy (with no equivalent reveal by the United States) simply to explain why the United States's fully briefed positions are subject to expert testimony. The one-sided effective "expert disclosure" would be prejudicial to Plaintiffs and premature under the current scheduling order.[3] *See* Dkt.183. A stay would remedy this issue by placing the Parties on equal footing and permitting

---

[3] The United States did not assert in their motion that expert discovery must also be extended due to their planned summary judgment motion, which supports Plaintiffs' position that expert discovery is relevant to critical issues here.

them to have a meaningful discussion with the Court on the issues appropriate for summary judgment at the status conference.

The United States has minimal interests at stake should this Court temporarily stay the proceedings. Plaintiffs are not seeking to delay the end of fact discovery or prevent the United States from seeking summary judgment on appropriate issues. Plaintiffs simply seek temporarily relief to maintain the status quo of a case that commenced over nine years ago for 20 additional days so as to discuss issues for summary judgment and an appropriate briefing schedule. Plaintiffs have demonstrated that the benefits of a short stay—namely the conservation of party and judicial resources, prevention of prejudice to Plaintiffs, and the avoidance of the creation of conflicting issues—outweigh any interests the United States has in a preemptive summary judgment motion. *See UnionBanCal*, 93 Fed. Cl. at 167-68 (ordering short stay to allow for efficient conservation of resources). As such, a temporary administrative stay is warranted.

## IV. <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiffs respectfully request that this Court maintain the status quo by prohibiting any summary judgment briefing until after the scheduled status conference.

## CERTIFICATE OF COMPLIANCE WITH RCFC 7.3

We hereby certify that Plaintiffs have conferred with Defendant's counsel concerning the subject matter of Plaintiffs Motion to Stay. Defendant opposes the relief sought in the Motion.

Dated: March 26, 2026                                    Respectfully,

/s/ *Kevin P. Holewinski*

Kevin P. Holewinski
*Attorney for United Affiliates Corp*

/s/ *George Sibley III*

Robert M. Rolfe
George P. Sibley. III
*Attorney for Mingo Logan Coal LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2026, a copy of the foregoing Plaintiff United Affiliates Corp.'s Motion For A Temporary Administrative Stay of Summary Judgment Motions Pending Further Order of The Court was filed electronically and was served on counsel of record through the Court's electronic case filing/case management (ECF/CM) system.

 /s/ *Kevin P. Holewinski*

Kevin P. Holewinski

*Attorney for United Affiliates Corp.*